OPINION
{¶ 1} Defendant-Appellant, Peggy Conley, appeals a judgment of conviction and sentence entered by the Bellefontaine Municipal Court finding her in violation of a civil protection order. Because the state failed to file a brief, we will review the case pursuant to App.R. 18(C). Finding that the facts and arguments presented in Conley's brief reasonably support a reversal, we reverse the judgment of the trial court.
 {¶ 2} On April 21, 2003, Conley was arraigned in the Bellefontaine Municipal Court on the charge of violating a civil protection order which had been previously issued against her. At that time, Conley requested and was given court appointed counsel. Subsequently, at the scheduled pretrial conference on March 17, 2003, Conley entered a plea of no-contest to the charges against her. The court ordered Conley to pay a fine of $100 plus $56 in court costs. It is from this sentence that Conley appeals, presenting the following sole assignment of error for our review.
The court erred by not advising the defendant of her rights and the maximum possible sentence, further, the court did not determine Ms. Conley entered the plea voluntarily.
 {¶ 3} App.R. 18(C) states: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 4} In the case before us the state has failed to submit a brief. Accordingly, we elect to accept Conley's statement of facts and issues as correct pursuant to App.R. 18(C).
 {¶ 5} Conley pled no contest to violating a civil protection order, which is a first degree misdemeanor. Crim.R 11(E) requires that, "the record affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly."[1] According to her statement of facts, the trial court failed to determine that Conley's no-contest plea was entered voluntarily.
 {¶ 6} Having reviewed her brief, we find that Conley's facts and arguments reasonably support a reversal. Accordingly, the judgment of the Bellefontaine Municipal Court is reversed.
 {¶ 7} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.
Judgment reversed.
SHAW and CUPP, JJ., concur.
[1] State v. Morrow, 3rd Dist. No. 9-02-12, 2002-Ohio-2982, at ¶ 13.